Ronald M. Horwitz (005655)
Janessa E. Koenig (018618)
**JABURG & WILK, P.C.**
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
rmh@jaburgwilk.com
jek@jaburgwilk.com
(602) 248-1000

Attorneys for Wells Fargo Bank, N.A.

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>FRANK ESTRELLA and ELIZABETH ESTRELLA,<br><br>Debtors.<br><br>FRANK ESTRELLA and ELIZABETH ESTRELLA,<br><br>Movants,<br>vs<br><br>WELLS FARGO BANK, N.A.,<br><br>Respondent. | Chapter 13<br><br>Case No. 4:10-23668-JMM<br><br>**STIPULATION REGARDING TREATMENT OF JUNIOR LIEN HELD BY WELLS FARGO BANK, N.A.** |

This Stipulation Regarding Treatment of Junior Lien Held by Wells Fargo Bank, N.A. ("Stipulation") is entered into by and between Frank Estrella and Elizabeth Estrella (hereinafter referred to as "Debtors"), by and through their attorney of record, Ross Meiners, and Wells Fargo Bank, N.A. (hereinafter referred to as "Wells Fargo"), by and through its attorney of record, Janessa E. Koenig.

## **RECITALS**

A. Debtor Frank B. Estrella is the maker of a SmartFit Home Equity Account Agreement and Disclosure Statement dated May 10, 2006 ("the HELOC"), pursuant to which Wells Fargo Bank, N.A. ("Wells Fargo") extended the Debtors a line of credit in the original principal amount of $62,905.00. The HELOC is secured by a second position Deed of Trust in favor of Wells Fargo dated May 10, 2006, and recorded on June 14, 2006 with the Pima County

13016-90878/JEK/JEK/841344_v1

Recorder's Office at Sequence No. 20061140667, Docket 12825, Page 1971, encumbering the real property located at 7020 S. Placita Sorrento, Tucson, Arizona 85706 (the "Property"). The Property is more fully and legally described as:

> Lot 3 of the Final Plat for Casa Del Sol, Pima County, Arizona,
> According to the Plat of Record in the Office of the Pima County
> Recorder in Book 55, at Page 52.

The HELOC and Second Deed of Trust are collectively referred to hereinafter as the "Subject Loan."

B. On or about July 28, 2010 the Debtors filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy for the District of Arizona, and were assigned Case No. 4:10-bk-23668-JMM.

C. On August 16, 2010, the Debtors filed a Motion to Determine Secured Status and Avoid Lien of Wells Fargo Bank, N.A. on Real Property, wherein the Debtors sought to avoid Wells Fargo's Second Deed of Trust encumbering the Subject Property, and to have Wells Fargo's junior claim be treated as an unsecured claim.

D. On or about August 30, 2010, Wells Fargo filed an Objection to the Debtors' Motion, alleging that there was some equity in the Subject Property to secure the Subject Loan.

## AGREEMENTS

**THE PARTIES HEREBY STIPULATE AND AGREE TO THE ENTRY OF A FINAL ORDER WHICH PROVIDES AS FOLLOWS:**

1. The Subject Loan, and Wells Fargo's claim secured by the Second Deed of Trust, shall be treated as a bifurcated claim in the Debtors' Chapter 13 Plan, partially secured and partially unsecured, as follows:

   A. $7,000.00 of the Subject Loan shall be treated and paid as a secured claim in the Debtors' Chapter 13 Plan; and

   B. The balance of the Subject Loan, in the approximate amount of $56,544.01, plus interest at the rate of 10.875% per annum, shall be treated and paid as an unsecured claim in the Debtors' Chapter 13 Plan.

2

13016-90878/JEK/JEK/841344_v1

2. In conjunction with this Stipulation, Wells Fargo's Second Deed of Trust shall be avoided only upon the occurrence of <u>all</u> of the following events:

    A. The avoidance of Wells Fargo's Second Deed of Trust is contingent upon Wells Fargo's receipt of payment in full on the secured portion of the Subject Loan, as set forth in Paragraph 1(A) above;

    B. The avoidance of Wells Fargo's Second Deed of Trust is contingent upon the confirmation of the Debtors' Chapter 13 plan;

    C. The avoidance of Wells Fargo's Second Deed of Trust is contingent upon the Debtors' full performance and completion of their Chapter 13 plan; and

    D. The avoidance of Wells Fargo's Second Deed of Trust is contingent upon the Debtors' receipt of a Chapter 13 discharge.

3. Upon the Debtors' satisfaction of the conditions set forth in Paragraph 2(A) through 2(D) above, and upon receipt of the Debtors' Chapter 13 discharge and completion of their Chapter 13 Plan, Wells Fargo shall, after receipt of notice of said discharge, promptly record a reconveyance of its Second Deed of trust against the Subject Property with the Pima County Recorder's Office;

4. Wells Fargo shall retain its lien for the full amount due under the Subject Loan and Second Deed of Trust, and Wells Fargo's lien shall not be avoided, and Wells Fargo's claim shall be treated as a secured claim, in the event of the dismissal of the Debtors' Chapter 13 case, the Debtors' abandonment of the Property, or the conversion of the Debtors' Chapter 13 case to any other Chapter under the United States Bankruptcy Code;

5. In the event that the holder of the first lien on the Subject Property forecloses on its security interest and extinguishes Wells Fargo's Second Deed of Trust prior to the Debtors' completion of their Chapter 13 Plan and receipt of a Chapter 13 discharge, Wells Fargo's lien shall attach to the surplus proceeds of the foreclosure sale for the full amount of the Subject Loan balance at the time of the sale; and

13016-90878/JEK/JEK/841344_v1

6. The terms of this Stipulation will be incorporated by reference in an Order confirming the Debtors' Chapter 13 Plan in bankruptcy case number 4:10-bk-23668-JMM.

IT IS SO STIPULATED:

Dated: 11/15/10          By: /s/ Ross Meiners
                         Ross Meiners
                         Attorney for Debtors

Dated: 11/16/10          By: /s/ Janessa E. Koenig
                         Janessa E. Koenig
                         Attorney for Wells Fargo Bank, N.A.

**ORIGINAL** filed via ECF
this 16th day of November, 2010

**COPIES** of the foregoing mailed
this 16th day of November, 2010 to:

Ross K. Meiners, Esq.
Meiners Law Office, PLC
2 E Congress Street, Suite 900
Tucson, AZ 85701

Frank & Elizabeth Estrella
7020 S. Placita Sorrento
Tucson, AZ 85756

Dianne C. Kerns
7320 N. La Cholla #154 PMB 413
Tucson, AZ 85741-2305

/s/ Kathryn Mascari

---

Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

4

13016-90878/JEK/JEK/841344_v1